LAW LIBRARY

***NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER***

NO. 28833

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

DUSTIN K. SHITANISHI,
Petitioner/Defendant-Appellant.

JEAN R. KIKUMOTO
CLERK, APPELLATE COURTS
STATE OF HAWAIʻI

2010 MAR 31 AM 7:46

FILED

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(HPD TRAFFIC NO. 1DTC-07-062053)

SUMMARY DISPOSITION ORDER
(By:  Moon, C.J., Nakayama, Acoba, Duffy, and Recktenwald, JJ.)

Petitioner/defendant-appellant Dustin K. Shitanishi filed a timely application for a writ of certiorari from the judgment of the Intermediate Court of Appeals (ICA) filed June 24, 2009, entered pursuant to the ICA's May 28, 2009 Summary Disposition Order (SDO), which affirmed the October 2, 2007 judgment of the District Court of the First Circuit (district court)[1] convicting Shitanishi of excessive speeding in violation of Hawaiʻi Revised Statutes (HRS) § 291C-105 (2007).[2]  This court

---

[1]  The Honorable Lenore K.J.H. Lee presided.

[2]  HRS § 291C-105 states in relevant part:

**Excessive speeding.**  (a) No person shall drive a motor vehicle at a speed exceeding:
   (1)   The applicable state or county speed limit by thirty miles per hour or more[.]
   . . . .

accepted certiorari on November 2, 2009.

In his application, Shitanishi raises the following questions:

1. Whether the ICA gravely erred in concluding that Officer Kobayashi's testimony regarding the results of the speed check conducted by Roy's Automotive on his speedometer was admissible as evidence of a regularly conducted activity.

2. Whether the ICA gravely erred in concluding that the admission of the results of the speed check conducted by Roy's Automotive on Officer Kobayashi's speedometer was not a violation of Shitanishi's right of confrontation.

3. Whether the ICA gravely erred in concluding that Officer Kobayashi's testimony regarding the results of the speed check conducted by Roy's Automotive on his speedometer was sufficient to establish his speedometer's reliability even though the State did not lay the requisite foundation for admissibility of the speed check of his speedometer as required by State v. Wallace[, 80 Hawai'i 382, 901 P.2d 695 (1996)] and State v. Manewa[, 115 Hawai'i 343, 167 P.3d 336 (2007)].

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we conclude that Officer Kobayashi's testimony regarding the results of the speed check was inadmissible because the State failed to establish a proper foundation to show that the speedometer had been properly calibrated and was therefore accurate.[3]

In order for Officer Kobayashi's testimony regarding

---

[3] Since we agree with Shitanishi's third argument, and conclude that the speed check evidence was improperly admitted because the State failed to establish a proper foundation to show the speedometer had been accurately calibrated, we do not address his first two arguments.

the results of the speed check to have been admissible and therefore be relied on as substantive fact, the State was required to first establish, either through in-court testimony or through a properly authenticated business record pursuant to Hawai'i Rules of Evidence (HRE) Rule 803(b)(6): "(1) how and when the speed check was performed, including whether it was performed in the manner specified by the manufacturer of the equipment used to perform the check, and (2) the identity and qualifications of the person performing the check, including whether that person had whatever training the manufacturer recommends in order to competently perform it." State v. Fitzwater, No. 28584, slip op. at 57 (Haw. March 3, 2010). This required information is missing from the record here, and therefore the district court erred in admitting the speed check testimony.

Shitanishi properly preserved his objection to the speed check testimony since it was apparent from the context of his initial objection, although phrased in terms of the State's failure to subpoena the person who performed the test at Roy's Automotive, that he was objecting to a lack of proper foundation for the speedometer's accuracy and that the results of the speed check constituted inadmissible hearsay. See State v. Long, 98 Hawai'i 348, 353-54, 48 P.3d 595, 600-01 (2002) (pursuant to HRE Rule 103(a)(1) a specific objection is not required when the defect is apparent from the context of the objection). Moreover,

Shitanishi's subsequent objections and colloquy with the court made it apparent that Shitanishi was objecting to the State's failure to establish a proper foundation for the speedometer's accuracy.

We therefore conclude that the speed check evidence should not have been admitted. Absent this evidence, there was insufficient evidence to support Shitanishi's conviction for excessive speeding in violation of HRS § 291C-105(a)(1). Fitzwater, No. 28584, slip op. at 59-60. Accordingly, we vacate the judgments of the ICA and the district court. However, there was sufficient evidence to establish that Shitanishi was driving his vehicle "at a speed greater than the maximum speed limit" in violation of HRS § 291C-102(a)(1),[4] a non-criminal traffic infraction, based on Shitanishi's admission during his testimony that he was driving in excess of the speed limit, as well as the testimony of one of his passengers who observed the speed at which Shitanishi was traveling. Id. at 61. We therefore remand for entry of a judgment that Shitanishi violated HRS § 291C-102(a)(1), in accordance with the applicable statutes governing non-criminal traffic infractions. Id.

---

[4] HRS § 291C-102 (2007) states in relevant part:

**Noncompliance with speed limit prohibited.** (a) A person violates this section if the person drives:
(1) A motor vehicle at a speed greater than the maximum speed limit other than provided in section 291C-105[.]
. . . .

4

Accordingly,

IT IS HEREBY ORDERED that the ICA's June 24, 2009 judgment on appeal is vacated, the district court's October 2, 2007 judgment is vacated, and the case is remanded for further proceedings consistent with this order.

DATED:  Honolulu, Hawai'i, March 31, 2010.

James S. Tabe
(Deputy Public Defender)
on the application for
petitioner/defendant-
appellant